# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 14, 2006

## STATE OF TENNESSEE v. JAMES C. OSBORNE

**Direct Appeal from the Criminal Court for Wilson County**
**No. 02-1340     J. O. Bond, Judge**

_____

**No. M2005-00893-CCA-R3-CD - Filed September 7, 2006**

_____

DAVID G. HAYES, Judge, separate concurring.


I join with the majority in affirming the defendant's conviction but write separately for the reasons expressed below.

The majority concludes that three separate acts of rape were committed by the defendant, and accordingly, an election of offenses was required. Following review of the record, however, I conclude that the proof supports but a single conviction of rape, and, thus, an election of the separate acts was unnecessary.

The record reflects the following facts:

On direct examination, the victim testified that the defendant only "tried" to penetrate her while in the car. However, on cross-examination, the victim stated, "He penetrated me one time in the car," but she immediately explained "just barely." The victim stated that during the encounter, "He forced my legs up where my knees were beside my head. He had me bent in half." She related that because he was "hurting her so badly," she opened the passenger side door and fell onto the ground. She further explained, " I did not want him to penetrate me. I told him I would give him oral sex if he would not penetrate my vagina. This went on for a second and I stopped." At this point, the victim was then placed on the hood of the car and was vaginally penetrated by the defendant.

As observed by the majority, rape is generally not a continuous offense, as each act of intercourse constitutes a distinct and separate offense. *Phillips*, 924 S.W.2d at 664. However, as noted in *Phillips*, our supreme court has opined that separate acts of intercourse may be so related as to constitute one criminal offense. *Id.*

Factors relevant to this case to determine whether the multiple acts committed constituted one continuous criminal offense include: (1) the ongoing nature of the sex acts, here broken only by brief interruptions; (2) the short amount of time elapsed between the discrete conduct; and (3) the accused's intent. *Id*. at 665. *See also Adrian Arnett*, No. 03C01-9811-CR-00395 (Tenn. Crim. App. at Knoxville, Feb. 2, 2000), *aff'd* 49 S.W.3d 250 (Tenn. 2001) (intervening seconds between the two penetrations did not provide a sufficient lapse of time so as to permit the development of a newly formed intent).

For the above reasons, I find that election of offenses was unnecessary. In all other respects, I concur.